**Marvin WHITE, Plaintiff–Appellant,**

v.

**STATE OF MICHIGAN CENTER FOR FORENSIC PSYCHIATRY, Defendant–Appellee.**

No. 03–1104.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before KEITH, MOORE, and GIBBONS, Circuit Judges.

*ORDER*

Marvin White, a pro se Michigan resident, appeals a district court order denying him permission to file his civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules

of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White sought leave to sue the state of Michigan, the Center for Forensic Psychiatry Hospital, along with several of its doctors, directors, and employees. White had filed numerous lawsuits in the district court and was abusive to the district court staff. In response to White's numerous and frivolous lawsuits, the district court issued an order on August 11, 1994, requiring White to obtain leave of the court prior to filing any complaint with the district court. As the complaint was frivolous and did not satisfy the criteria of the 1994 order, the district court refused to allow White's complaint to be filed.

In his timely appeal, White's incoherent brief discussed verbal abuse at the center, requests the court to order the "government act of a Social Security not to exceed no less than $9,999,999.00," and to issue a bench warrant in the Wayne County Probate Court for all the psychiatrists at the center.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed the complaint as frivolous because it lacked any arguable basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Moreover, a totally unsubstantial complaint such as the one in this case fails to confer subject matter jurisdiction on the district court. *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). White's incomprehensible complaint alleges fraud, abuse, sexual harassment, and public rumors. White provides no statement indicating the court's jurisdiction. As White's complaint lacks any arguable basis in law or in fact, the district court did not err in prohibiting White from filing his complaint.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.